IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

Vs.                                            No.  05-40033-01-SAC

SHAWN L. DIGHERA,

        Defendant.

MEMORANDUM AND ORDER

Charged by indictment with three counts of distributing methamphetamine, the defendant pleaded guilty to a single-count information charging use of a communication facility to commit a drug offense. The presentence report ("PSR") recommends a Guideline sentencing range of 96[1] months from a criminal history category of six and a total offense level of 24 based on the following calculations:  a base offense level of 26 pursuant to U.S.S.G. § 2D1.6(a) and 2D1.1(c)(7) and a two-level acceptance of responsibility adjustment enhancement pursuant to U.S.S.G. § 3E1.1.  The addendum to the PSR reflects the

---

[1] The guideline range for a total offense level of 24 and a criminal history of six is 100 to 125 months.  Because the statutory maximum sentence is 96 months, 21 U.S.C. § 843(d)(1), the statutory maximum sentence is the guideline sentence. U.S.S.G. § 5G1.1(a).

government preserves one objection, and the defendant has three unresolved objections. The defendant also has filed a sentencing memoranda in support of his objections.

**Government's Objection**: The government objects to the defendant receiving a two-level reduction for acceptance of responsibility when in the plea agreement the defendant waived this adjustment. The government observes that the denial of this adjustment would not affect the guideline sentence of 96 months calculated by the PSR.

**Ruling**: In furtherance of the plea agreement, the court sustains the government's objection. The court further finds that the defendant is not entitled to this adjustment, as he has frivolously contested some of the uncontroverted relevant conduct. This ruling does not the impact the ultimate Guideline sentence recommended in the PSR.

**Defendant's First Objection**: The defendant disagrees in several respects with the drug quantity computation used in the PSR. First, he argues that this computation should be based on the amounts of methamphetamine mixtures rather than on the amounts of actual methamphetamine or on any subsequent conversion to marijuana in light of the one methamphetamine mixture amount. The defendant complains that using actual methamphetamine amounts results in a higher base

2

offense level, that the inconsistent application of this guideline provision results in sentencing disparities, and that any conversion to marijuana is unnecessary as only one kind of drug–methamphetamine--is involved.  Second, the defendant takes issue with ¶¶ 17 through 24 which describe the drug transaction on February 28, 2005.  Specifically, the defendant admits having contact with the confidential informant on that date but denies delivering any methamphetamine to him later that day.  Third, the defendant denies delivering the methamphetamine on March 31, 2005.  The defendant generally objects to the other methamphetamine transactions even being considered as relevant conduct and asks to be sentenced only on the amount of methamphetamine involved in the offense of conviction.  Alternatively, the defendant asks the court to calculate drug quantity using only the amounts of the methamphetamine mixtures.

**Ruling**:  "Types and quantities of drugs not specified in the count of conviction may be considered in determining the offense level.  See § 1B1.3(a)(2) (Relevant Conduct)."  U.S.S.G. § 2D1.1, comment. (n.12). U.S.S.G. § 1B1.3(a) provides in relevant part:

> "Unless otherwise specified, (i) the base offense level where the guideline specifies more than one base offense level . . . shall be determined on the basis of the following:  (1) (A) all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant; . . . that occurred during the commission of the offense of

> conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense; (2) solely with respect to offenses of a character for which § 3D1.2(d) would require grouping of multiple counts, all acts and omissions described in subdivision[ ] (1)(A) ⋯ above that were part of the same course of conduct or common scheme or plan as the offense of conviction[.]

The PSR correctly includes in its consideration of relevant conduct the defendant's involvement in the sales of methamphetamine to the confidential informant on February 15, February 28 and March 31 of 2005 as relevant conduct to the defendant's plea that he used a telephone to set up the defendant's sale of methamphetamine to the confidential informant on March 14, 2005. Each instance of relevant conduct occurred within a one month period either before or after the offense of conviction, involved the use of communication facilities between the defendant and the same confidential informant, involved the defendant discussing with the informant a drug deal within one or two hours of the actual delivery of methamphetamine to the informant, involved the sale of distribution amounts of methamphetamine to the informant, and involved either the defendant himself delivering the methamphetamine (February 15 and March 14) or someone delivering the methamphetamine who was associated with the defendant as shown by the circumstances of the transaction including the fact that the person either operated a vehicle identical to one registered to the defendant and seen at the defendant's

residence (February 28) or was followed from Dighera's residence to the sale and back to Dighera's residence (March 31). The preponderance of uncontroverted evidence set forth in the PSR sustains a finding that all four sales of methamphetamine to the informant were committed, commanded, induced, procured, or willfully caused by the defendant as part of the same course of conduct or common scheme or plan as the offense of conviction.

Note B to U.S.S.G. § 2D1.1 directs that "in the case of a mixture or substance containing . . . methamphetamine, use the offense level determined by the entire weight of the mixture or substance, or the offense level determined by the weight of the . . . methamphetamine (actual), whichever is greater." The PSR correctly uses this provision in determining the drug quantity based on the actual methamphetamine amounts for the first three transactions. To not apply this provision in this fashion would be error under the Guidelines. *See United States v. Gigley*, 213 F.3d 509, 519 (10th Cir. 2000). The application and use of these Guideline provisions do not depend on the defendant expressly contemplating and accepting their likely application to his case prior to any plea. Because the amounts of actual methamphetamine from the first three transactions results in the same base offense level of 26 used in the PSR, it is unnecessary to consider the defendant's other objections to the fourth transaction involving a methamphetamine mixture and

the need to convert all amounts to marijuana under U.S.S.G. § 2D1.1.  *See* Fed. R. Crim. P.  32(i)(3)(B).

**Defendant's Second Objection**:  The defendant disputes the statement in ¶ 12 that he suggested to the informant that the informant "move some methamphetamine to help take care of the informant's debt."

**Ruling**:  The court finds that a ruling is unnecessary, as the court will consider this disputed matter in sentencing.

**Defendant's Third Objection**:  The defendant objects that the prior sentences described in ¶¶ 58, 59 and 60 should be treated as related cases because he was sentenced on the same date in all three cases.

**Ruling**:  "Prior sentences imposed in unrelated cases are to be counted separately," while "[p]rior sentences imposed in related cases are to be treated as one sentence." U.S.S.G. § 4A1.2(a)(2).  Though he argues his prior sentences are related simply because they were imposed on the same day, the defendant's burden is to show that the prior sentences resulted from offenses that were "consolidated for trial or sentencing." U.S.S.G. § 4A1.2 , comment. n. 3.  The defendant presents no documentation showing the cases were transferred or consolidated for sentencing.  It is not enough that a court handled the sentences on the same day "for reasons such as judicial economy or convenience of the parties." *United*

a
b

y

*States v. Alberty*, 40 F.3d 1132, 1135 (10th Cir. 1994), *cert. denied*, 514 U.S. 1043 (1995); *see United States v. Humphries*, 429 F.3d 1275, 1278 (10th Cir. 2005) (That the same court sentenced the defendant at the same time "does not necessarily indicate that they were consolidated, as the guidelines use that term." (citation omitted). In addition, all three offenses were separated by intervening arrests which precludes prior sentences from being considered related. U.S.S.G. § 4A1.2 , comment. n. 3.

IT IS THEREFORE ORDERED that the government's objection to the PSR is sustained, and the defendant's objections to the PSR are denied.

Dated this 17th day of April, 2006, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge